UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.

LeEverette Cushawn Cargill,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 10-295(3) ADM/AJB
Civil No. 16-2174 ADM

---

LeeAnn K. Bell, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

LeEverette Cushawn Cargill, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant LeEverette Cushawn Cargill's ("Cargill") Pro Se Motion for Leave to Supplement Newly Decided Case Law ("Motion for Leave to Supplement") [Docket No. 539] and Pro Se Motion for Voluntary Dismissal of 2255 Motion ("Motion for Voluntary Dismissal") [Docket No. 540]. In addition to these motions, Cargill has filed a Pro Se Notice of Dismissal [Docket No. 541] stating that he is voluntarily dismissing without prejudice his Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") [Docket No. 528].

Plaintiff United States of America (the "Government") has filed a response to Cargill's § 2255 Motion, arguing that the § 2255 Motion should be denied. See Response [Docket No. 542]. The Response does not address Cargill's Motion for Voluntary Dismissal or his Notice of Dismissal, both which were filed the day before the Government's Response. For the reasons set

forth below, Cargill's Motion for Voluntary Dismissal is granted and his Motion for Leave to Supplement is denied as moot.

## II.  BACKGROUND

On March 15, 2011, Cargill entered a plea of guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), as charged in the Information. Plea Agreement [Docket No. 287]. In the Plea Agreement, Cargill stipulated to the U.S. Sentencing Guidelines ("U.S.S.G.") calculation, including a designation as a Career Offender under U.S.S.G. § 4B1.1(a) based on his two prior felony convictions for crimes of violence; namely, terroristic threats in violation of Minn. Stat. § 609.713 and felony domestic assault. Plea Agreement at 3; Presentence Investigation ¶¶ 68, 76. At the time Cargill was sentenced, the definition of "crime of violence" included a residual clause that applied to any offense punishable by imprisonment for more than one year that "otherwise involves conduct that presents a serious potential risk of injury to another." U.S.S.G. § 4B1.2(a)(2) (2012).

On June 27, 2016, Cargill filed the instant § 2255 Motion, arguing that the residual clause in § 4B1.2(a)(2) is void for vagueness and that his sentence was therefore unconstitutionally enhanced. The Government's response to Cargill's § 2255 Motion was stayed pending resolution by the United States Supreme Court of Beckles v. United States, 137 S. Ct. 886 (2017), which was decided on March 6, 2017. See Order, July 26, 2016 [Docket No. 534] (granting Government's request to stay response). The Supreme Court held that the residual clause in § 4B1.2(a)(2) is not void for vagueness. Beckles, 137 S. Ct. at 894–95.

On March 2, 2017, four days before Beckles was decided, Cargill filed the Motion for Leave to Supplement. The Government has not responded to that motion.

2

On March 7, 2017, the day after Beckles was decided, Cargill prepared and signed the Motion for Voluntary Dismissal and the Notice of Dismissal, which were received by mail in the clerk's office on March 13, 2017 and electronically filed the same day. The Motion for Dismissal states that Cargill is requesting dismissal because he no longer seeks the relief sought in the § 2255 Motion.

On March 14, 2014, the Government filed its Response to Cargill's § 2255 Motion. The Government argues that the § 2255 Motion should be denied because it rests entirely upon the contention that the § 4B1.2(a)(2) residual clause is void for vagueness, and the Supreme Court held in Beckles that § 4B1.2(a)(2) is not void for vagueness. The Response does not address Cargill's requests to dismiss the § 2255 Motion without prejudice.

### III.  ANALYSIS

Cargill's requests for dismissal without prejudice are premised on Federal Rule of Civil Procedure 41(a). The Federal Rules of Civil Procedure apply to § 2255 proceedings to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. R. Gov'g § 2255 Proceedings, R. 12. Federal Rule of Civil Procedure 41(a) allows a plaintiff to voluntarily dismiss an action without prejudice under the following circumstances:

> (1) By the Plaintiff.
>
>> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>
>>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>>
>>> (ii) a stipulation of dismissal signed by all parties who have appeared.

> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

In deciding whether to exercise its discretion to allow a voluntary dismissal, a district court should consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." Mullen v. Heinkel Filtering Sys., Inc., 770 F.3d 724, 728 (8th Cir. 2014).

Here, dismissal is warranted under Rule 41(a)(1)(A)(i) because Cargill filed his Notice of Dismissal and Motion to Dismiss before the Government responded to the § 2255 Motion. Additionally, dismissal without prejudice is proper under Rule 41(a)(2) because: Cargill provided a proper explanation for his desire to dismiss the § 2255 Motion; dismissal will not be a waste of judicial time; and dismissal will not prejudice the Government. No judicial time or Government resources were spent on the § 2255 Motion while it was stayed during the pendency of the Beckles decision, and Cargill filed his requests for dismissal promptly after the decision was rendered. Although the Government filed a Response in this matter, the Response was not

4

filed until after Cargill's requests for dismissal. Moreover, minimal time and resources were expended on the Response because it is largely a generic response filed by the Government in opposition to all § 2255 motions challenging the constitutionality of the residual clause in § 4B1.2(a)(2). Based on the above circumstances, dismissal of the § 2255 Motion without prejudice is proper.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant LeEverette Cushawn Cargill's Pro Se Motion for Voluntary Dismissal of 2255 Motion [Docket No. 540] is **GRANTED**;

2. Defendant LeEverette Cushawn Cargill's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") [Docket No. 528] is **DISMISSED WITHOUT PREJUDICE**; and

3. Defendant LeEverette Cushawn Cargill's Pro Se Motion for Leave to Supplement Newly Decided Case Law [Docket No. 539] is **DENIED** as moot.

4. No certificate of appealability will issue.  28 U.S.C. § 2253(c); § 2255 R. 11(a).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                                          BY THE COURT:


                                                               s/Ann D. Montgomery
                                                          ANN D. MONTGOMERY
                                                          U.S. DISTRICT JUDGE

Dated:  April 7, 2017.